UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11CV-133-R
ELECTRONICALLY FILED

| | |
|---|---|
| SUSAN LEISENTRITT AND<br>CURTIS LEISENTRITT,<br><br> Plaintiffs<br><br>vs.<br><br>THE HOPKINSVILLE/CHRISTIAN<br>COUNTY FAMILIY YOUNG<br>MEN'S CHRISTIAN ASSOC, INC.,<br>AND ADELAIDA VEGA<br><br> Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

The Defendant, Adelaida Vega ["Vega"], submits the following separate answer to the complaint.

### RESPONSE TO ALLEGATIONS IN COMPLAINT

1. Vega is without sufficient information to form a belief as to the allegations contained in paragraph no. 1 of the complaint and therefore denies same.

2. Vega is without sufficient information to form a belief as to the allegations contained in paragraph no. 2 of the complaint and therefore denies same.

3. The allegations contained in paragraph no. 3 of the complaint are admitted.

4. Vega admits the allegations contained in paragraph no. 4 of the complaint.

5. Vega admits that portion of paragraph no. 5 of the complaint regarding this Court's personal jurisdiction over her. Vega is without sufficient information to form a belief as to the remaining allegations contained in paragraph no. 5 of the complaint, particularly as to the amount in controversy, and therefore denies same.

6. Vega admits the allegations contained in paragraph no. 6 of the complaint.

7. Vega is without sufficient information to form a belief as to the allegations contained in paragraph no. 7 of the complaint and therefore denies same.

8. Vega admits that portion of the allegations contained in paragraph no. 8 of the complaint which allege that Vega was acting within the scope of her duties as an employee of YMCA at the time of the incidents described therein. However, Vega denies that she acted negligently. Vega denies all remaining allegations contained in paragraph no. 8 of the complaint to the extent not specifically admitted herein.

9. Vega denies the allegations contained in paragraph no. 9 of the complaint.

10. With respect to paragraph no. 10 of the complaint, Vega admits that YMCA is vicariously liable for Vega's acts within the scope of her employment; however, Vega denies that she acted negligently. Vega denies all remaining allegations contained in paragraph no. 10 of the complaint to the extent not specifically admitted herein.

11. Vega denies the allegations contained in paragraph no. 11 of the complaint.

12. Vega denies the allegations contained in paragraph no. 12 of the complaint. Moreover, the spouse's loss of consortium claim appears to be time barred by the statute of limitations.

13. All remaining allegations contained in the complaint that were not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

14. The Plaintiffs' complaint fails to state a claim for which relief may be granted and should be dismissed.

15. Vega pleads contributory negligence and also comparative negligence as a defense and requests dismissal or apportionment pursuant to same.

16. Vega pleads the intervening and superseding acts of other parties and/or third parties and/or acts of God as an affirmative defense.

17. Vega pleads the lack of proximate cause as an affirmative defense, including the doctrine of sole proximate cause.

18. Vega pleads the failure to join necessary and/or indispensable parties as an affirmative defense.

19. Vega pleads the following additional affirmative defenses: estoppel, statute of limitations and waiver. Vega reserves the right to plead further affirmative defenses after having had the opportunity to engage in discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant, Vega, requests as follows:

A. That the Plaintiffs' complaint be dismissed and that they take nothing thereby;

B. For her costs and expenses incurred herein; and

C. For all other relief to which Vega may be entitled in law or equity.

Respectfully submitted,

s/ Kerry D. Smith
s/ L. Christopher Hunt
McMURRY & LIVINGSTON
P.O. BOX 1700
PADUCAH, KY  42002-1700
(270) 443-6511
ATTORNEYS FOR ADELAIDA VEGA

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to and thereby serve the other parties as follows:

Jack N. Lackey, Jr., Esq.
701 South Main Street
P.O. Box 1065
Hopkinsville, KY 42241-1065

Notice was sent by regular mail to:

Hopkinsville/Christian Co. YMCA
Attn.: Paul Watts
7805 Eagle Way
Hopkinsville, KY 42240

                                             s/ Kerry D. Smith